IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| JOSHUA LAUMANN, | **MEMORANDUM DECISION AND ORDER** |
| Plaintiff, | |
| v. | Case No.  1:09-cv-0138-CW |
| CHAD SLATER, et al., | Judge Clark Waddoups |
| Defendants. | |

## INTRODUCTION

Before the court is Defendants' motion for summary judgment in which they argue, inter alia, that Plaintiff has failed to show the necessary prerequisites to sustain claims brought against Weber County and against Sergeant Chad Slater in his official capacity, Deputy Isaac Herrera in his official capacity, Deputy Corey Stark in his official capacity, Corporal Anna Covington in her official capacity, John Doe I in his official capacity and John Doe II in his official capacity (collectively referred to herein as "official capacity defendants").  (Dkt. No. 28.)   The court addressed a majority of the arguments made in Defendants' motion in an order dated June 1, 2012. (Dkt. No. 70.)  Defendants' arguments relating to claims brought against Weber County and the official capacity defendants, however, were not addressed in the previous order.  For the reasons stated below, and based on the stipulation of the Plaintiff, the court now grants Defendants' motion for summary judgment with respect to the claims made against Weber County and the official capacity defendants.

## ANALYSIS

In his memorandum opposing Defendants' motion for summary judgment, Plaintiff conceded that he was unlikely to prevail on his claim against Weber County and stipulated to the dismissal of that claim.  Mem. Opp. Mot. For Summ. J. 9 (Dkt. No. 40.)  The court will therefore grant Defendants' motion for summary judgment with respect to the claim brought against Weber County.  Plaintiff has not addressed, however, the status of claims brought against the official capacity defendants.

A suit brought against a government officer in his or her "official capacity" is equivalent to a suit brought against the entity of which the officer is an agent.  *McMillan v. Monroe County, Alabama*, 520 U.S. 781, 785 n.2 (1997).  *See also Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent.") (internal quotation marks and citation omitted); *Moss v. Kopp*, 559 F.3d 1155, 1168 (10th Cir. 2009).  Under similar reasoning, the Supreme Court has stated that "[t]here is no longer a need to bring official-capacity actions against local government officials, for . . . local government units can be sued directly for damages and injunctive or declaratory relief."  *Graham*, 473 U.S. at 167 n.14.

Because Plaintiff has conceded that it is unlikely to succeed on his claim against Weber County, the entity of which the official capacity defendants are agents, the court must also conclude that such a claim cannot be sustained against the official capacity defendants either.  The court will therefore grant Defendants' summary judgment motion with respect to all claims brought against the official capacity defendants.  This order has no impact on Plaintiff's claims brought against the defendants in their individual capacities, which were addressed in the June 1, 2012 order.

## CONCLUSION

For the reasons stated herein, Defendants' motion for summary judgment (Dkt. No. 28) is GRANTED IN PART.  Specifically, Defendants' motion is granted with respect to all claims brought against Weber County and against Sergeant Chad Slater in his official capacity, Deputy Isaac Herrera in his official capacity, Deputy Corey Stark in his official capacity, Corporal Anna Covington in her official capacity, John Doe I in his official capacity and John Doe II in his official capacity.

DATED this 5th day of June, 2012.

BY THE COURT:

_____
Clark Waddoups
United States District Judge